*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2103**

In the Matter of the Welfare of: J. N. K., Child.

**Filed July 13, 2015
Affirmed
Kirk, Judge**

Todd County District Court
File No. 77-JV-14-865

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant J.N.K.)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Chad M. Larson, Douglas County Attorney, Michelle L. Clark, Assistant County Attorney, Alexandria, Minnesota (for respondent State of Minnesota)

Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Juvenile appeals his delinquency adjudication for second-degree criminal sexual conduct, arguing that the district court erred in finding that he acted with sexual intent. We affirm.

# DECISION

In a delinquency adjudication, the state must prove beyond a reasonable doubt "every fact necessary to constitute the charged crime." *In re Welfare of S.M.J.*, 556 N.W.2d 4, 6 (Minn. App. 1996). We are limited to ascertaining whether, given the facts and legitimate inferences, a fact-finder could reasonably determine that each of the elements of the delinquency petition has been proven beyond a reasonable doubt. *In re Welfare of T.N.Y.*, 632 N.W.2d 765, 768 (Minn. App. 2001). We view the record in the light most favorable to the adjudication and assume that the fact-finder believed the testimony supporting the adjudication and disbelieved all contrary evidence. *S.M.J.*, 556 N.W.2d at 6.

Viewing the record in the light most favorable to adjudication, we conclude that J.N.K.'s argument that he acted without sexual intent when he sat on the couch next to his eight-year-old cousin, lifted up her arms, unbuttoned her pants, reached into her pants, and "inappropriately" touched her vaginal area is without merit. The circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except guilt. *See State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011) (providing the test for circumstantial evidence, like intent). The nature of the touching precludes any "possibility of an innocent explanation such as accidental touching," and no innocent explanation was asserted by J.N.K. *See State v. Vick*, 632 N.W.2d 676, 691 (Minn. 2001). When asked if he had touched other girls the same way, he replied "[m]y girlfriend," which further indicates that he knew he was engaging in an act consistent with a sexual relationship.

**Affirmed.**

2